**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KEVIN GOULD**,**

    Plaintiff,

v.                                                              Case No. 1:19-cv-00382-WJ-JFR

MICHAEL WYSE,
WYSE ADVISORS, LLC,
DW PARTNERS, and
CRYSTAL FINANCIAL,

    Defendants.

**DEFENDANT DW PARTNERS, LP'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 12(b)(2) & (6)**

       Pursuant to Federal Rules of Civil Procedure 12(b)(2) & (6), Defendant DW Partners, LP (hereinafter "DW") submits this memorandum in support of its Motion to Dismiss all claims alleged against it by Plaintiff in this action, and respectfully shows and states unto this Honorable Court as follows:

                                             I.      **Introduction**

       As a threshold matter, the Complaint does not contain allegations sufficient to establish that DW is subject to the personal jurisdiction of this Court. Moreover, none of the five causes of action in the Complaint state a plausible claim as to DW. Further, claims three and four are both subject to Rule 9(b)'s heightened pleading standard, and both lack anything close to the

specificity Rule 9(b) requires. Accordingly, all of the claims asserted against DW should be dismissed under Rules 12(b)(2) & (6).

## II.   Allegations In The Complaint[1]

As it relates to DW and its business, the Complaint alleges virtually nothing more than that DW was a senior secured lender of Eclipse, and that it is located in New York, New York. Complaint, Doc. 1-1, ¶ 6. As it relates to jurisdiction and venue, the Complaint alleges nothing more than that "jurisdiction and venue are appropriate in this Court." Id., at ¶ 7. In support of Plaintiff's claims against DW, Plaintiff alleges that he entered into an employment agreement to serve as the chief operations officer (the "COO") of One Aviation Corporation/Eclipse Aerospace ("Eclipse"). *See*, Complaint, Doc. 1-1, ¶¶ 23-24. Plaintiff identifies DW as one of Eclipse's senior secured lenders, and alleges that DW is located in New York, New York. *Id.* at ¶ 6. Plaintiff contends that in August of 2017, John Buck ("Mr. Buck") sent Plaintiff an email related to a potential role as **CEO** of Eclipse. *Id.* at ¶ 11.

Plaintiff alleges he never executed or otherwise entered into any contract for the CEO position about which Mr. Buck allegedly sent an email, and that instead, Plaintiff entered into a consulting contract with Crystal Financial ("Crystal LP"). *Id.* at ¶ 12. The Complaint further alleges that several months later, in October 2017, he entered into "new negotiations" with Mike Wyse and/or Wyse Advisors, LLC regarding a **COO** rather than a ***CEO*** position with Eclipse. *Id.* at ¶¶ 12-13. Plaintiff alleges that during these "new negotiations" with Mr. Wyse, Plaintiff communicated to "Defendants" that the COO position would be a tough role, and that as a result he would need, among other things, a $100,000 signing bonus. *Id.* at ¶ 15. Plaintiff alleges that

---

[1] DW disputes most of the substantive allegations in the Complaint, but in accordance with Rule 12(b)(6), it asserts that the Complaint should be dismissed even if these allegations are accepted as true. *See* Section II, *infra*.

at some point Mr. Buck responded he understood Plaintiff's concerns, but that there was no money for a signing bonus. *Id.* at ¶ 16. Plaintiff alleges that all negotiations between Plaintiff and Mr. Buck occurred while Plaintiff was residing outside New Mexico. *Id.* ¶¶ 19-23.

Plaintiff alleges that he nonetheless continued negotiations with Wyse and that on or about October 23, 2017, he entered into an employment agreement with Eclipse (the "Eclipse Employment Agreement") to become the **COO** of Eclipse. Plaintiff alleges that the Eclipse Employment Agreement provided for payment of a transactional bonus to Plaintiff if Plaintiff, as alleged in the Complaint, purportedly "held up his portion of the contract by competently running Eclipse and supporting efforts to find companies to purchase the secured loans from Crystal Financial and DW Partners." *Id.* ¶¶ 19, 24 & 27. Plaintiff alleges that loans or portions of loans of the senior secured lenders were sold in a total amount in excess of the minimum threshold, and that among these transactions was the purchase of 100% of DW's secured loan. *Id.* ¶ 27. Plaintiff maintains he was not paid a transaction bonus to which he says he is entitled. *Id.*

The Complaint alleges that DW breached an obligation to pay a transactional bonus under the Eclipse Employment Agreement, breached the implied duty of good faith and fair dealing in the Eclipse Employment Agreement, misrepresented and fraudulently misrepresented to Plaintiff that it would be responsible for payment of the transactional bonus, and that DW was unjustly enriched by Plaintiff's efforts in helping to bring about the partial purchase of DW's loan. *Id.* ¶¶ 33-70. Plaintiff seeks damages in the amount of the unpaid transactional bonus, plus consequential damages and punitive damages. *Id*. ¶¶ 40, 47- 48, 56-57, 64-65, 70.

### III.    Legal Standard

Rule 12(b)(2) provides that lack of personal jurisdiction may be asserted by motion in lieu of a responsive pleading.  A plaintiff bears the burden of proving jurisdiction over a foreign defendant. W*enz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citation omitted). When a court does not have personal jurisdiction over defendants, it must dismiss the claims against those defendants without prejudice. *See Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004) ("In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice."); *Walker v. THI of N.M. at Hobbs Center*, 801 F. Supp. 2d 1128, 1140-41 (D.N.M. 2011).

Under Rule 12(b)(6), a defendant may move to dismiss a complaint that fails to state a claim for which relief can be granted. To withstand a Rule 12(b)(6) motion, the plaintiff must allege facts sufficient "to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). This requires the factual allegations to "nudge [the] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is plausible when it has a "reasonable prospect of success, but also [informs] the defendants of the actual grounds of the claim against them." *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1276 (10th Cir. 2009). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted).

Further, a heightened pleading standard governs claims involving fraud, misrepresentation, or mistake. Fed. R. Civ. P. 9(b). Specifically, Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake *shall be stated with particularity*." Fed. R. Civ. P. 9(b) (emphasis added). This requires a complaint alleging misrepresentation or fraud to

"'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236–37 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)). "'At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud.'" *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1200, 1208 (D.N.M. 2011) (quoting *United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.,* 232 F.3d 902, at *3 (10th Cir. 2000)).

In ruling on a motion to dismiss, a court "must accept as true all allegations contained in a complaint," but it need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" or "a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

### IV.    The Complaint Does Not Contain Allegations Sufficient to Establish Personal Jurisdiction Over DW

As a threshold matter, the Complaint fails to allege facts sufficient to show that this Court has personal jurisdiction over DW.

When a defendant files a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists.  This means a plaintiff must present facts that, if true, establish jurisdiction over the defendant.  *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

If a plaintiff makes a prima facie showing of jurisdiction, "defendants must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

Finally, a plaintiff must show that exercising jurisdiction is sanctioned by the state's long-arm statute and is consistent with due process under the Fourteenth Amendment. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011). Although New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible," personal jurisdiction may be established over a foreign defendant only if the plaintiff's causes of action arise from the acts listed in the state's long-arm statute. See, New Mexico Statute Annotated ("NMSA") Section 38-1-16(A); see also, *United Nuclear Corp. v. General Atomic Co.*, 1977-NMSC-079, ¶ 2, 91 N.M. 41, 570 P.2d 305.

The long-arm statute establishes two requirements for the assertion of jurisdiction over a nonresident not within the state.  First, the defendant must have done one of the acts enumerated in the statute. Second, the plaintiff's causes of action must arise from doing the act. *Benally v. Hundred Arrows Press, Inc.*, 614 F. Supp. 969 (D.N.M.), *rev'd on other grounds, sub nom. Benally v. Amon Carter Museum of W. Art.,* 858 F.2d 618 (10th Cir. 1988).

Here, the allegations in the Complaint confirm that DW is a foreign entity, and also confirm that the only act listed in Section 38-1-16(A) that could even possibly apply to DW such as to bring it within New Mexico's long-arm statute is "the transaction of any business within this state". Section 38-1-16(A)(1).

However, the Complaint does not allege any facts to show that Plaintiff's causes of action (all of which are based on or arise out of the Eclipse Employment Agreement between Plaintiff and Wyse/OAC) arise from the transaction of business by DW within New Mexico.

To that point, Plaintiff's Complaint does not contain any allegations sufficient to establish that DW transacted business in New Mexico in any capacity such as would subject it to the personal jurisdiction of this Court.

To the contrary, the allegations instead confirm that Plaintiff's claims all relate to an employment agreement to which DW is not a party.  Complaint at ¶¶ 16-27.  Moreover, and significantly, the allegations in the Complaint also confirm that DW did not at any time "transact business" as that term is defined as a matter of law, as the Complaint alleges nothing more than that DW was a secured lender of Eclipse who sold a portion of its secured loan to a CitiKing prior to Plaintiff's entry into the Eclipse Employment Agreement, and the remainder of its interest in mid-2018. *Id.*  The allegations as to DW's role in this litigation period, scant as they may be, nonetheless establish that DW has not at any time transacted business in New Mexico, and that instead, the activities attributed to DW are specifically excluded from and do not fall within New Mexico's definition of transacting business as a matter of law.  *See* NMSA Section 53-20-3(B).

The same is true under the constitutional analysis. Specifically, the Constitution's "minimum contacts standard may be met in two ways." *Walker v. THI of New Mexico at Hobbs Ctr.*, 801 F. Supp. 2d 1128, 1142 (D.N.M. 2011) (collecting cases).  "First, a court may, consistent with due process, assert *specific* jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that '*arise out of or relate to*' those activities.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090–91 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985)). General jurisdiction, on the other hand, lies when the defendant's contacts with the forum state are so "continuous and systematic" that the state may exercise personal jurisdiction over the defendant even if the suit is unrelated to the defendant's contacts with the state. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 415 (1984).

Here, Plaintiff does not even attempt to allege that this Court has general jurisdiction over DW.  Nor can he.  Further, none of his allegations support the exercise of specific personal jurisdiction.  Indeed, he does not allege that his failure to receive a bonus had anything to do with DW's contacts with New Mexico. Rather, and at best, he alleges that DW's contacts with this state concerned its status as one of Eclipse's senior secured lenders—not Plaintiff's employment agreement or bonus. Again, he does not allege that DW had any other contacts with this forum, and he does not allege that DW ever did anything with respect to his bonus or employment agreement.  Thus, Plaintiff has failed to allege that his injuries—*i.e.* his claimed entitlement to an unpaid bonus—"arise out of or relate to" DW's activities in New Mexico.

Accordingly, Plaintiff's Complaint as against DW must be dismissed for failure to show that this Court has personal jurisdiction over DW in this matter.

### V. The Complaint Fails to State a Claim for Breach of Contract

Plaintiff first attempts to assert a cause of action for breach of contract.  Complaint, ¶¶ 33–40.  This count fails to state a claim against DW as a matter of law.

The Eclipse Employment Agreement at issue is the contract under which Plaintiff was allegedly hired to serve as COO of Eclipse, and is the contract upon which all of Plaintiff's claims in the instant matter are premised.  *Id.* ¶¶ 9, 12, 24.  Critically, the Complaint does not (*because it cannot*) allege that DW was a party to the Eclipse Employment Agreement.  *See generally id.*  That undisputed fact alone is dispositive of Plaintiff's contract claims against DW.

Because Plaintiff does not and cannot allege that DW was a party to the contract at issue here, he fails to state a plausible claim for breach of contract against DW.  This is because under New Mexico law, to be liable for breach of contract, a person or entity must be a party to the contract.  *See, e.g.*, UJI-Civ. 13-822 NMRA.  *See also*, UJI Committee Commentary on 13-822

("[t]he failure of a party to the contract to perform satisfactorily his or her contract promise or duty...constitutes a breach of the contract..."); *Badilla v. Wal-Mart Stores East Inc,* 2015-NMSC-029, ¶ 41, 357 P.3d 936, 946 (*citing* Committee Commentary on 13-822).

Although the fatal deficiencies in Plaintiff's contract claim are clear from the face of the Complaint, but are further confirmed by what appears to be the Eclipse Employment Agreement upon which Plaintiff's claims are based.

Specifically, while Plaintiff's putative Eclipse Employment Agreement does not appear to be attached to the Complaint, a document looking like an employment agreement (although not fully executed) has been filed in the court record by co-defendant Michael Wyse and/or Wyse Advisors, LLC. *See*, Exhibit B-2 to Exhibit B to Notice of Removal, Doc. 1-2.[3] This document (hereinafter referred to as "Exhibit B-2") plainly provides that the agreement was between Plaintiff and OAC Management Inc. ("OAC"), and that DW was not a party to any agreement with Plaintiff. Importantly, the agreement does not include DW as a party, imposes no contractual obligations on DW, and in fact, does not reference DW at all. Instead, under the plain language of Exhibit B-2, if any entity owed an obligation to Plaintiff, it was OAC alone.

Plaintiff seeks damages that arise from a transaction bonus that he was allegedly entitled to receive under the Eclipse Employment Agreement. Complaint, ¶¶ 34-40. On that point, Exhibit B-2 recites that this bonus was included as part of the compensation to be paid by the "Company," and it unambiguously defines the "Company" as OAC Management Inc. *See* Exhibit B-2*,* Paragraph 3. Thus, this document clearly imposes no obligation on DW to pay any compensation to Plaintiff. Accordingly, Plaintiff has failed to allege a plausible contract claim against DW, and as a matter of black letter contract law, he cannot do so. Consequently, the Court should dismiss this claim with prejudice.

## VI. The Complaint Fails to State a Claim for Breach of the Duty of Good Faith and Fair Dealing

The Complaint's second cause of action is for breach of the duty of good faith and fair dealing. Complaint, ¶¶ 41- 48. This count fails to state a claim against DW for the same reason as the first cause of action. Like the first cause of action, the second cause of action is a claim for breach of contract. A claim for breach of the implied duty in a contract can only be brought against a party to that contract. NM UJI-Civ. 13-832. *See also, Cont'l Potash, Inc. v. Freeport-McMoran, Inc.* 1993-NMSC-039, ¶ 64, 858 P.2d 66, 82.

Here, Plaintiff cannot state a breach of contract claim against DW because Plaintiff did not allege that DW was a party to any contract, and DW was not a party to the Eclipse Employment Agreement. Plaintiff does not and cannot allege otherwise. Thus, like the breach of contract claim, this claim should be dismissed with prejudice (as to DW), because DW was not a party to the agreement upon which Plaintiff's claims are based, or any other agreement with Plaintiff.

## VII. The Complaint Fails to State a Claim for "Misrepresentation"

The third cause of action is for "misrepresentation." Complaint, ¶¶ 49-57. The term "misrepresentation" does not actually refer to a cause of action under New Mexico law. Rather, misrepresentation is an affirmative defense to a claim for breach of contract. *See* NM UJI-Civ. 13834. Thus, it is not entirely clear what cause of action Plaintiff intends to allege here—especially given that he also attempts to assert a "fraud" claim.

Nonetheless—and regardless of what Plaintiff calls his third cause of action—it fails to state a plausible claim against DW. Likewise, it fails to allege any misrepresentation or false statement with the specificity Rule 9(b) requires.

As an initial matter, the Complaint does not attribute any misrepresentation to DW. Instead, the Complaint alleges that Mr. Buck, purportedly on behalf of DW, expressly told

Plaintiff that DW could not contribute to any signing bonus, that the money Plaintiff was requesting was excessive, and that Plaintiff should not expect any funds from DW. The Complaint does not allege that Mr. Buck or anyone else at DW made any representation to Plaintiff regarding or otherwise promising payment of the purported transactional bonus under the Eclipse Employment Agreement at issue in this matter.

Thus, the Complaint fails to allege anything even close to a plausible claim under *Iqbal*/*Twombly*, and it should be dismissed on that basis alone. *Iqbal*, 556 U.S. at 697; *Twombly*, 550 U.S. at 570.

Moreover, instead of describing any specific misrepresentations made by DW, the Complaint generically refers to misrepresentations made by the "senior secured lenders" or "Defendants" collectively. *See* Complaint, ¶¶ 22, 23, 26, 32, 34, 35, 50, 51, 54, 55, 59.

That is, instead of alleging that DW made any representation, the Complaint vaguely alleges that "Defendants" as a whole made misrepresentations. It does not identify who made the misrepresentations, that person's relationship (if any) to DW, the date of the misrepresentation(s), or the substance of the supposed misrepresentation(s) (except for the most generic of descriptions). Therefore, the Complaint fails to provide DW with any notice, much less adequate notice, of its supposed wrongdoing, and it therefore fails to satisfy Rule 8. *Iqbal*, 556 U.S. at 697; *Twombly*, 550 U.S. at 570. Indeed, the claim lacks any allegation that could support a plausible inference that DW misrepresented any fact to Plaintiff. This defect alone is dispositive of and fatal to Plaintiff's claim in this regard. *Iqbal*, 556 U.S. at 697.

Further, because the claim implicates a supposed misrepresentation, false statement, or mistake, Rule 9(b)'s heightened pleading standard controls. Fed. R. Civ. P. 9(b). Thus, Plaintiff was required to allege the "who, what, when, where and how" of DW's supposed false

statements. *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1200, 1208 (D.N.M. 2011) (quoting *United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.*, 232 F.3d 902, at *3 (10th Cir. 2000)).

As demonstrated above, the Complaint does not allege any of this. It does not allege "who" made DW's supposed misrepresentation; it does not say "what" that misrepresentation was; it does not say "when" or "where" that misrepresentation occurred; and it does not say "how" the misrepresentation occurred. *Id.* Instead, it offers only the most general discussion of supposed statements attributed to all of the Defendants as a whole. Such a conclusory recitation is not enough to state a claim against DW under *Iqbal*/*Twombly*'s Rule 8 standard, *Iqbal*, 556 U.S. at 678, and it certainly fails to satisfy Rule 9(b)'s heightened standard.

In fact, although Plaintiff attributes certain statements to DW regarding a signing bonus that were clearly true statements, the Complaint does not even attempt to connect any alleged representations whatsoever directly to DW regarding the transactional bonus.

Instead, Plaintiff tries to circumvent this obvious and essential defect by attempting to link DW to a representation purportedly made by co-defendant Mr. Wyse to Plaintiff during "new negotiations" concerning the COO position. *See* Complaint, ¶ 19

Specifically, in that paragraph 19 of the Complaint, Plaintiff alleges that Defendant "Michael Wyse made promises on behalf of, *inter alia*, both senior secured lenders Crystal LP and DW Partners in a response email dated October 17, 2017." *Id.* Notably, however, the Complaint does not contain any allegations that could support the broad and conclusory legal conclusion that Mr. Wyse had authority to speak for DW, or to make promises on behalf of DW, or to take any action that could in any way bind DW.

Rather, with no supporting factual allegations, the Complaint simply recites—in the most conclusory fashion—that Mr. Wyse spoke on, or otherwise made some promise on behalf of DW, for no identified reason.

Conclusory allegations fail to satisfy the basic pleading standards of Rule 8, *Twombly*, 550 U.S. at 570 (to satisfy Rule 8, the allegations must "nudge [the] claims across the line from conceivable to plausible), and certainly cannot satisfy the more stringent pleading requirements of Rule 9(b).

Further, rather than describe any representations made by DW, the Complaint instead simply generically refers to misrepresentations made by the "senior secured lenders" or "Defendants" collectively. *See* Complaint, ¶¶ 22, 23, 26, 32, 34, 35, 50, 51, 54, 55, 59. That is, instead of alleging that DW made any representation, the Complaint vaguely alleges that "Defendants" as a whole made misrepresentations.

The Complaint does not, however, identify who made the misrepresentations, that person's relationship (if any) to DW, the date of the misrepresentation(s), or the substance of the supposed misrepresentation(s) (except for the most generic of descriptions). Therefore, the Complaint fails to provide DW with any notice, much less adequate notice, of its supposed wrongdoing, and it therefore fails to satisfy Rule 8. *Iqbal*, 556 U.S. at 697; *Twombly*, 550 U.S. at 570. Indeed, the Complaint does not contain any allegations that could support a plausible inference that DW misrepresented any fact to Plaintiff. This defect alone is dispositive of and fatal to this claim, and confirms that the misrepresentation claim should be dismissed. *Iqbal*, 556 U.S. at 697.

Therefore, here, the conclusory legal conclusions couched as allegations in paragraph 19 fail to state a plausible claim for misrepresentation, or for any representation, as against DW, and

Plaintiff's Complaint is bereft of any other allegations by which it could be inferred that DW could or should be held liable for this co-defendant's statements.  *See id.*

Further, because the claim implicates a supposed misrepresentation, false statement, or mistake, Rule 9(b)'s heightened pleading standard controls. Fed. R. Civ. P. 9(b). Thus, Plaintiff was required, but wholly failed to, allege the "who, what, when, where and how" of DW's supposed false statements. *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1200, 1208 (D.N.M. 2011) (quoting *United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.*, 232 F.3d 902, at *3 (10th Cir. 2000)).

The "misrepresentation" cause of action falls short in every conceivable way of constituting a valid claim for relief.   A such, it should be dismissed with prejudice.

### VIII.   The Complaint Fails to State Claim for Fraud.

Plaintiff's fourth cause of action is for fraud, and it suffers from all of the same defects as the misrepresentation claim. Indeed, it relies on the same defective factual allegations, but asserts "fraud" in place of "misrepresentation."  *See* Complaint, ¶¶ 58-65.  As demonstrated above, these generic allegations do not state a plausible claim that DW is responsible for misrepresenting anything or defrauding anyone.  See, *id.*; Section V, *supra*.  Likewise, they fail to satisfy Rule 9(b)'s heightened pleading standard.

Indeed, these allegations fail to give DW any notice—much less adequate notice— of what conduct constitutes its supposed "fraud," and they fail to offer anything that could "nudge" the fraud claim "from conceivable to plausible." *Twombly*, 550 U.S. at 570. Thus, they fail to satisfy Rule 8's pleading standard. *Id.* Further, the putative fraud allegations fall far short of "set[ting] forth the who, what, when, where and how of the alleged fraud.'" *Two Old Hippies*, 784 F. Supp. 2d at 1208 (D.N.M. 2011). As such, they also fail to satisfy Rule 9(b)'s heightened

pleading standard for fraud claims.  Accordingly, the fraud claim fails in every respect, and it should be dismissed with prejudice.

## IX. The Complaint Fails to State a Claim for Unjust Enrichment

Lastly, Plaintiff attempts to allege a cause of action for unjust enrichment.  Complaint, ¶¶ 66-70.  This claim also fails because Plaintiff does not and cannot allege any facts remotely suggesting that he did anything to benefit DW.

Under New Mexico law, to state a claim for unjust enrichment, a party must allege that (1) another has been benefitted at one's expense (2) in a manner that allowance of the other to retain the benefit would be unjust.  *City of Rio Rancho v. Amrep Southwest, Inc.*, 2011-NMSC-037, ¶ 54, 260 P.3d 414, 428-429.  Here, Plaintiff contends that DW was unjustly enriched because while Plaintiff worked as the chief operations officer of Eclipse, he somehow brought about the purchase of a portion of DW's loan.  Complaint, ¶ 27(a).  He alleges that "through his efforts [he] helped procure buyers for the senior secured lenders' loans to Eclipse*."*  *Id.* ¶ 67.  Yet, Plaintiff does not even attempt to allege what he actually did to benefit DW.  His efforts are variously described as "supporting efforts to find companies to purchase the secured loans," overseeing the transactions, assisting with the transactions, and helping to "procure buyers." *Id.* ¶¶ 27, 34, 50-51, 53, 55 & 67.

Even accepting his allegations as true for the purpose of this motion, (*they are not*)[2] Plaintiff's so-called beneficial efforts are impossible to discern from the Complaint. He alleges that he began working for Eclipse Aerospace without a contract on October 23, 2017 and that he signed his employment agreement with Eclipse "in November 2017." Complaint, ¶¶ 23-24. Meanwhile, Plaintiff contends that a portion of DW's loan was purchased by an entity called

---

[2] For example, Plaintiff's allegation that DW Partners, LP was a senior secured lender of Eclipse is incorrect. Complaint, ¶ 6  DW is an investment management company.  It does not now nor has it ever held any interest in Eclipse, and is not now, nor has it ever been, a secured lender of Eclipse.

CitiKing International US, LLC ("CitiKing") on November 1, 2017, and that a portion of Crystal Financial LP's loan was purchased by an entity called SFund International Holding Limited ("SFund") on November 1, 2017.  Plaintiff further alleges that CitiKing and SFund subsequently purchased the remainder of DW's loan in July of 2018.  *See* Complaint at ¶ 27(b) & (d).  Thus, the transactions benefitting DW that allegedly were the result of Plaintiff's efforts occurred either no later than the day he signed his employment agreement (and most likely some days earlier), within a week after Plaintiff says he began working for Eclipse, and/or with entities already known to DW and with which DW had already transacted business prior to Plaintiff's employment with Eclipse.  Further, there are no allegations in the Complaint that Plaintiff did anything to locate CitiKing or SFund, or that he took any action to induce CitiKing or SFund to enter into either transaction with DW.

      The Complaint thus lacks any plausible allegation that Plaintiff did something for DW that requires DW to pay him the transaction bonus amount he demands. He alleges nothing that would support an inference that he conferred a benefit on DW or that it would be unjust not to require DW to pay the bonus described in his employment agreement (an agreement to which DW is not even a party).  In the place of facts, Plaintiff offers mere conclusory statements that cannot support a claim for relief.  See *Iqbal*, 556 U.S. at 678.  Plaintiff did not enrich DW, nor confer any kind of benefit at all upon this defendant.

      In sum, Plaintiff does not—and cannot—allege that he did anything to enrich or benefit DW, and the Court should dismiss this claim with prejudice.

## X. <u>Request for Relief</u>

Plaintiff Kevin Gould's Complaint does not contain sufficient allegations to state any plausible claim against Defendant DW Partners, LP, an appears calculated solely to extract a cost of defense settlement from DW.

For the reasons set forth above, DW respectfully requests that the Complaint be dismissed with prejudice as to this defendant, and further requests all such other further equitable and/or legal relief as the Court may deem just and proper.

Respectfully submitted,

**BURR & FORMAN LLP**

/s/ Emily C. Taube
Emily C. Taube  (\**Admitted by Court Pursuant to D.N.M.L.R 83.4(a) Pending Admission* to *this Court in accordance with D.N.M.L.R.-Civ. 83.2 and 83.3(b))*
Joshua A. Ehrenfeld (NM Bar No.: 142394)
222 2nd Ave S, Suite 2000
Nashville, TN  37201
Tel:  (615) 724-3237
Fax:  (615) 724-3337
Email:  etaube@burr.com; jehrenfeld@burr.com

*Counsel for Defendant DW Partners, LP*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed with this Court's CM/ECF system and was served by means of the same upon the following parties this the 26th day of April, 2021:

H. Jesse Jacobus
Freedman Boyd Hollander Goldberg Urias & Ward
*Attorneys for Plaintiff Kevin Gould*
20 First Plaza, Suite 700
Albuquerque, New Mexico 87102
hff@fbdlaw.com

Ross L. Crown
LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 Third Street NW, Suite 500
Albuquerque, New Mexico 87102
Telephone: 505-764-5400
rcrown@lewisroca.com

Glenn A. Beard
RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
*Attorneys for Defendants Michael Wyse & Wyse Advisors, LLC.*
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 765-5900
gbeard@rodey.com

/s/ *Emily C. Taube*