## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

KEVIN GOULD,

     Plaintiff,

v.                                      Case No. 1:19-cv-00382 WJ/JFR

MICHAEL WYSE,
WYSE ADVISORS, LLC,
DW PARTNERS, and
CRYSTAL FINANCIAL,

     Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING THE WYSE DEFENDANTS' MOTION TO DISMISS [DOC. 22]

THIS MATTER comes before the Court upon a motion from Defendants Michael Wyse and Wyse Advisors, LLC ("Wyse Advisors") (collectively the "Wyse Defendants"). The Wyse Defendants filed a Motion to Dismiss Complaint for Damages on April 26, 2021 (Doc. 22) ("Motion"). Having reviewed the parties' submissions and the applicable law, the Court finds that the Motion is well-taken and therefore **GRANTS** dismissal for lack of personal jurisdiction.

## BACKGROUND

### I.    _General Background[1]_

Plaintiff is a specialist in leading struggling companies out of distressed financial circumstances. In August 2017, One Aviation/Eclipse Aerospace ("Eclipse") was in dire straits, and two of its senior secured lenders—Crystal Financial SBIC LP ("Crystal LP") and DW Partners, LP ("DW Partners")—spoke with Plaintiff about hiring him as a consultant to prepare them for Eclipse's impending bankruptcy. Plaintiff ultimately signed a consulting contract with Crystal LP.

---

[1] Unless otherwise noted, the general background information comes from the Complaint (Doc. 1-1).

In October 2017, Eclipse Board of Directors member Michael Wyse reached out to Plaintiff regarding a chief operating officer ("COO") position with Eclipse. John Buck of DW Partners also corresponded with Plaintiff about the role during this time. Plaintiff alleges that Mr. Wyse made promises on behalf of both DW Partners and Crystal LP regarding salary, a possible signing bonus, and other details of the role. Plaintiff negotiated further with Mr. Wyse, then emailed him on October 17, 2017 indicating that he believed "everything regarding the negotiation was finalized with a few amended requests." Mr. Wyse responded the following day[2] in agreement. On October 23, 2017, Plaintiff moved to Albuquerque and began his tenure as Eclipse's COO despite not yet having a written contract in place "because Defendants indicated that it was important for Plaintiff to begin work on the turnaround right away, and because Plaintiff trusted that Defendants would keep their word regarding the promises they made." *Id.*

The written contract did eventually come to fruition; Plaintiff signed it in November 2017, but it "stated that the employment agreement was made and entered into on October 23, 2017." *Id.* The contract attached to the Complaint was clearly signed by "Mike Wyse" in his capacity as "Board Member." Doc. 1-2 at 20. Although it did not contain the signing bonus Plaintiff had hoped for, it did state that a "transaction bonus will be carved-out from the proceeds available for distribution to the Senior Secured Lenders." Doc. 1-1 at 7.

Plaintiff sought companies to purchase the secured loans belonging to Crystal LP and DW Partners. On November 1, 2017, two companies—SFund International Holding Limited ("SFund") and CitiKing International US, LLC ("CitiKing")—purchased 25% of Crystal LP and DW Partners' loans, respectively, for $6,250,000.00 each. *Id.* In January 2018, an airplane was sold for

---

[2] The Court notes what appears to be a typo indicating that Mr. Wyse responded on October 18, 2018 (rather than 2017).

$1,000,000.00, and in July 2018, SFund and CitiKing agreed to purchase the rest of DW Partners' loan for $17,000,000.00.

Plaintiff claims that under the terms of the contract, these transactions entitle him to a bonus of approximately $915,000.00 which has not been paid. To confirm this number, in July 2018, "interim CFO and Financial Advisor Kieran McGarrell" emailed Plaintiff a spreadsheet calculating his bonus and "the DIP[3] budget showing a payment of a bonus going to Plaintiff," indicating that Plaintiff's bonus was $915,000.

Plaintiff has sued Michael Wyse in his individual capacity, Wyse Advisors, DW Partners, and Crystal LP. He asserts five causes of action: breach of contract, breach of the duty of good faith and fair dealing, misrepresentation (intentional or, in the alternative, negligent), fraud, and unjust enrichment. The Complaint often refers to "Defendants" in these causes of action without clarifying which defendant is alleged to have engaged in what conduct. Therefore, for clarity, the Court rules on each of the pending Motions to Dismiss separately to provide individualized attention to the allegations against each defendant.

## II.    *Allegations Against the Wyse Defendants*

Although Mr. Wyse is a member of the Eclipse board of directors, Plaintiff sues him in his individual capacity and in his capacity as a managing partner of Wyse Advisors. The Complaint contends that Mr. Wyse is a resident of New Jersey and that Wyse Advisors is located in New York, New York.

---

[3] The Complaint does not define this acronym, but Plaintiff's Response to the various motions to dismiss defines this acronym as "debtor-in-possession" (Doc. 47 at 6), which means an entity qualified to file a Chapter 11 bankruptcy petition under the United States Bankruptcy Code. If the Chapter 11 proceeding is a reorganization case and a bankruptcy trustee has not been appointed, then debtor remains in possession of its assets and can continue to operate.

Plaintiff alleges that Mr. Wyse "engaged in a pattern and practice of obfuscation wherein he refused to make clear whether he was speaking and acting on behalf of Eclipse, or on behalf of his own companies and the senior secured lenders." Doc. 1-1 at 7. This allegation appears again in Count III, Misrepresentation, where Plaintiff states that "Defendants made a series of intentional and material misrepresentations and omissions, to include failing to disclose Mr. Wyse's capacity when promises were made[.]" *Id.* at 10. The same allegation appears, repeated, for an alternative claim of negligent misrepresentation. No allegations appear in the Complaint against Wyse Advisors except that Mr. Wyse negotiated Plaintiff's contract "as, *inter alia*, managing partner of Wyse Advisors, LLC." *Id.* at 5.

## DISCUSSION

When a court receives a motion to dismiss for lack of personal jurisdiction alongside other issues, such as a motion to dismiss for failure to state a claim, "the court must first determine the jurisdictional issue." *Walker v. THI of N.M. at Hobbs Ctr.*, 801 F. Supp. 2d. 1128, 1140 (D.N.M. 2011) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998)). The Wyse Defendants have moved to dismiss both for lack of personal jurisdiction and for failure to state a claim, so the Court looks first to the jurisdictional question.

I.      **Legal Standard**

A plaintiff bears the burden of proving personal jurisdiction over a defendant. *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007). If "the district court does not hold an evidentiary hearing before dismissing the case, the plaintiff must only make a prima facie showing of personal jurisdiction," by, for example, submitting an affidavit containing "facts that if true would support jurisdiction over the defendant." *Id.* (quotation omitted).  When ruling on a motion

to dismiss for lack of personal jurisdiction, the court resolves factual disputes in the plaintiff's favor. *OMI Holdings, Inc.*, 149 F.3d at 1091.

For a federal court sitting in diversity, jurisdiction is proper over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"—here, a New Mexico state court. Fed. R. Civ. P. 4(k)(1)(A). New Mexico state courts have jurisdiction to the extent the Fourteenth Amendment permits. *Tercero v. Roman Cath. Diocese of Norwich, Connecticut*, 48 P.3d 50, 54 (N.M. 2002). Specifically, a defendant "submits himself" to New Mexico jurisdiction "as to any cause of action arising from," *inter alia*, "the transaction of any business within this state" and "the commission of a tortious act within this state." N.M.S.A. § 38-1-16(A) (1978). "The question of personal jurisdiction over out-of-state residents involves more" than the technical definitions of these phrases; "[t]he meaning of those terms, in our statute, is to be equated with the minimum contacts sufficient to satisfy due process." *McManemy v. Roman Cath. Church of Diocese of Worcester*, 2 F. Supp. 3d 1188, 1199 (D.N.M. 2013) (quoting *Tarango v. Pastrana*, 616 P.2d 440, 441 (N.M. Ct. App. 1980)).

Following this line of inquiry, courts look to the requirements of due process. Due process allows for "personal jurisdiction over an out-of-state defendant if the defendant has certain minimum contacts" with the state in question "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quotations omitted). Personal jurisdiction may take the form of general jurisdiction, in which a defendant is subject to suit "at home"—a person's state of domicile or a company's state of incorporation or principal place of business. *Id.* at 924. General jurisdiction renders a defendant subject to suit "on causes of action arising from dealings entirely distinct from" its in-state conduct. *Id.* Specific jurisdiction, in contrast, exists when a lawsuit "aris[es] out of or

relate[s] to the defendant's contacts with the forum." *Daimler A.G. v. Bauman*, 571 U.S. 117, 127 (2014). Even "the commission of some single or occasional acts" in the forum state can subject a defendant to specific jurisdiction in that state in a lawsuit that relates to those acts. *Id.*

## II.   Jurisdiction Over the Wyse Defendants

Neither of the Wyse Defendants are alleged to reside in, are incorporated in, or have their principal place of business in New Mexico. Indeed, Plaintiff states that he asserts specific jurisdiction, although he does not concede a lack of general jurisdiction. Doc. 47 at 9.

Plaintiff claims that Mr. Wyse was closely involved in the negotiation of Plaintiff's terms of employment, but this allegation does not explain how Mr. Wyse has any connection to New Mexico in his individual capacity. Indeed, Mr. Wyse communicated with Plaintiff about a position with Eclipse, and Mr. Wyse was a member of the Eclipse Board of Directors, so it is natural to believe that Mr. Wyse acted in his capacity as a board member when negotiating the hiring of a COO for the company. Plaintiff has provided little more than bald assertions that Mr. Wyse "obscur[ed] his role." *Id.* at 1. This type of conclusory allegation does not meet Plaintiff's prima facie burden of alleging facts that, if true, would allow for personal jurisdiction. *See Strobel v. Rusch*, 364 F. Supp. 3d 1270, 1278 (D.N.M. 2019) (court accepts all well-pleaded, plausible, non-conclusory, and non-speculative facts alleged by plaintiff when ruling on a motion to dismiss for lack of personal jurisdiction); *Shrader v. Biddinger*, 633 F.3d 125, 1248 (10th Cir. 2011) (requiring plausible, non-conclusory, and non-speculative facts for jurisdictional analysis).

Furthermore, "[w]here the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction." *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987) (citation omitted). "However,

if the corporation is not a viable one and the individuals are in fact conducting personal activities and using the corporate form as a shield, a court may feel compelled to pierce the corporate veil and permit assertion of personal jurisdiction over the individuals." *Id.* (citation omitted). Here, Plaintiff has made no indication that Mr. Wyse was conducting personal activities when he communicated with Plaintiff regarding the COO position. Although at this stage the Court takes as true Plaintiff's assertions that Mr. Wyse visited New Mexico and discussed Plaintiff's transaction bonus, Plaintiff has not demonstrated that this was a personal activity on Mr. Wyse's part rather than an activity undertaken on behalf of the corporation. Accordingly, Mr. Wyse is not subject to the Court's jurisdiction in his individual capacity.

Plaintiff also has not demonstrated that Mr. Wyse acted as a representative of DW Partners or Crystal LP. *See* Doc. 47 at 4. It is not clear that Mr. Wyse had such authority or even purported to have such authority. Even the example in Plaintiff's declaration—that Mr. Wyse "blurred the lines of his role" because "he single-handedly undertook direct negotiations with the landlord at Chicago Executive Airport to settle arrearages on our month-to-month lease there" and "bound the company to pay all amounts due"—appears to be an action that Mr. Wyse undertook as a board member for the benefit of Eclipse, addressing that company's contractual duties and financial affairs. Doc. 28-1 at 4, ¶ 11.[4] Plaintiff has not explained how this conduct suggests that Mr. Wyse was acting as an agent of DW Partners or Crystal LP, as opposed to looking out for the interests of the company for which he was a board member. Plaintiff categorizes Mr. Wyse's behavior as

---

[4] Considering a declaration outside the complaint converts a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d). However, the same is not true of a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (stating that when a court rules on a Rule 12(b)(2) motion, a plaintiff must make a prima facie showing of jurisdiction, which may be done by affidavit). Additionally, the Court notes that while Plaintiff has submitted an amended response (Doc. 47) in accordance with the Court's order to clarify (Doc. 38), the declaration attached to the original response (Doc. 28-1) remains valid.

"outside the scope of his duties as Chairman of the Board," *id.* at 18, ¶ 16(jjj), but it is unclear in what other capacity he would take such action, as it is clearly related to Eclipse's operations.

Plaintiff has also failed to explain what role, if any, Wyse Advisors played in the events that led to the litigation. He hardly mentions this defendant by name throughout the Complaint and his declaration. He merely asserts that Mr. Wyse acted as an agent of Wyse Advisors, Doc. 47 at 3, and that Plaintiff was told by Mr. Wyse and another individual that Wyse Advisors would "take care of [him,]" Doc. 28-1 at 5, ¶ 12. But Plaintiff has not explained why he believed Mr. Wyse to be acting as an agent of Wyse Advisors, as opposed to as an Eclipse board member, during the events relevant to this litigation, nor has he given any indication as to what Wyse Advisors "taking care of him" would entail, as this organization is not even one of the senior secured lenders to which the contract referred. Plaintiff has not adequately pled how Wyse Advisors, through any representative, played a role in any of the events leading to the current matter or had any connection to New Mexico.

### III.    Jurisdictional Discovery

Plaintiff seeks leave to conduct jurisdictional discovery. Doc. 47 at 16. "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). However, the Tenth Circuit has more recently held that the plaintiff bears "the burden of demonstrating a legal entitlement to jurisdictional discovery." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010). This burden includes demonstrating the "related prejudice flowing from the discovery's denial." *Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed. App'x 86, 103 (10th Cir. 2012). A district court's decision to allow jurisdictional discovery is discretionary; an abuse of discretion occurs if the district court's denial

of jurisdictional discovery results in prejudice to the litigant seeking it. *Breakthrough Mgmt. Grp.*, 629 F.3d at 1189.

Plaintiff has made only a cursory request for jurisdictional discovery without providing any indication of the information he seeks. He has not indicated what prejudice might result if he does not receive jurisdictional discovery: that is, he has not informed the Court what "pertinent facts bearing on the question of jurisdiction" may be "controverted" in this matter or "where a more satisfactory showing of the facts" would be "necessary." *Id.* (citation omitted). Plaintiff has outlined many instances in which Mr. Wyse visited New Mexico or discussed matters pertaining to Plaintiff's bonus, but Plaintiff has given no indication that Mr. Wyse acted in an individual capacity rather than as a board member of Eclipse. The Court is not inclined to allow Plaintiff to rummage about in Mr. Wyse's affairs without any indication of what jurisdictional facts need shoring up. Further, Plaintiff has not explained the role of Wyse Advising in the present controversy at all, let alone demonstrated that jurisdictional discovery is necessary with respect to that entity.

## CONCLUSION

Due to the lack of connection between Mr. Wyse in his *individual* capacity, the state of New Mexico, and the current litigation, the Court finds that personal jurisdiction does not exist over Mr. Wyse. He is a signatory to the relevant contract but only in his capacity as an Eclipse board member, and Plaintiff has not demonstrated that Mr. Wyse's conduct relevant to this litigation took place in an individual capacity. Similarly, because of the lack of connection between Wyse Advisors, the state of New Mexico, and the current litigation, the Court finds that personal jurisdiction does not exist over Wyse Advisors. The Wyse Defendants' Motion to Dismiss [Doc. 22] is therefore **GRANTED.**

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE