IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN GOULD,

    Plaintiff,

v.                                                                          Case No. 1:19-cv-00382 WJ/JFR

MICHAEL WYSE,
WYSE ADVISORS, LLC,
DW PARTNERS, and
CRYSTAL FINANCIAL,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL JUDGMENT ON HIS CLAIMS AGAINST MICHAEL WYSE, WYSE ADVISORS, LLC, AND CRYSTAL FINANCIAL ACCORDING TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

THIS MATTER comes before the Court upon Plaintiff's Motion for Final Judgment on His Claims Against Michael Wyse, Wyse Advisors, LLC, and Crystal Financial According to Federal Rule of Civil Procedure 54(b) ("Motion"). Doc. 56. Having reviewed Plaintiff's submission and the applicable law, the Court finds that Plaintiff's motion is well-taken and therefore GRANTS it.

## BACKGROUND

Plaintiff originally filed suit against Michael Wyse; Wyse Advisors, LLC ("Wyse Advisors"); DW Partners; and Crystal Financial. Doc. 1-1. After a series of motions to dismiss, the Court granted dismissal with prejudice based on lack of personal jurisdiction against Michael Wyse and Wyse Advisors (Doc. 51) as well as against Crystal Financial, which referred to itself as Crystal LP in briefing (Doc. 53). Plaintiff now moves for an order of final judgment against those defendants, even though the lawsuit remains against DW Partners. Doc. 56 at 1.

## DISCUSSION

Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

When ruling on a motion for final judgment pursuant to Rule 54(b), the Court considers whether 1) its judgment is final, and 2) no just reason for delay in entering judgment exists. *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980)).

Here, Plaintiff argues that the Court's judgment as to Michael Wyse, Wyse Advisors, and Crystal LP is final because those dismissals are with prejudice. This is incorrect; the dismissals were for lack of personal jurisdiction and were therefore without prejudice. The defendants only requested dismissal with prejudice for the portions of their motions to dismiss that argued failure to state a claim. *See generally* Doc. 20; Doc. 22; *see also* Doc. 20 at 2 (legal standard section explaining that dismissal for lack of personal jurisdiction must be without prejudice). The Court granted the motions to dismiss based on lack of jurisdiction, and therefore, they were not adjudications on the merits, but instead dismissals without prejudice. *See* Fed. R. Civ. P. 41(a) (any dismissal not listed under Rule 41 [which includes voluntary dismissals by the plaintiff as well as involuntary dismissals for failure to prosecute], "except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19" is "an adjudication on the merits"); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (Rule 41(a) "makes clear that an

'adjudication upon the merits' is the opposite of a 'dismissal without prejudice'"). Accordingly, the Court's dismissal was without prejudice.

The nature of the dismissal as with or without prejudice, however, does not necessarily determine the question of whether a judgment is final. "Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." *Amazon, Inc. v. Dirt Camp, Inc.*, 271 F.3d 1271, 1275 (10th Cir. 2001). Dismissal for lack of personal jurisdiction, while it is a dismissal without prejudice, still disposes of the case for the dismissed defendants. *See Butler v. Daimler Trucks N. Am., LLC*, Case No. 2:19-CV-2377, 2021 WL 492427, at *2 n.13 (D. Kan. Feb. 10, 2021) (collecting cases supporting an interpretation of dismissal for lack of personal jurisdiction as a final judgment against the dismissed defendants). This logic persuades the Court that the dismissal here has effectively disposed of the case against Michael Wyse, Wyse Advisors, and Crystal LP; after dismissal for lack of personal jurisdiction, no claims remain against them.

The second prong in a Rule 54(b) analysis is whether no just reason for delay in entering judgment exists. Rule 54(b) enshrines a judicial policy against piecemeal litigation. *Stockman's Water Co.*, 425 F.3d at 1265. The court should consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8. Here, the only question the Tenth Circuit would need to address is the issue of personal jurisdiction. The question of personal jurisdiction for

these defendants is separable from the other claims remaining in the lawsuit (*i.e.*, the merits of the case), and no appellate court would need to decide the personal jurisdiction question more than once. As a result, the Court finds that no just reason exists to delay the entry of judgment.

Plaintiff's Motion (Doc. 56) is therefore **GRANTED**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE