IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN GOULD,

    Plaintiff,

v.                                                                   Case No. 1:19-cv-00382-WJ-JFR

MICHAEL WYSE,
WYSE ADVISORS, LLC,
DW PARTNERS, and
CRYSTAL FINANCIAL,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT
DW PARTNERS, LP'S MOTION TO STAY PROCEEDINGS**

THIS MATTER comes before the Court upon Defendant DW Partners, LP's Motion to Stay Proceedings (Doc. 87). Defendant DW Partners, LP ("DW") seeks a stay of proceedings while the other defendants, whom the Court had dismissed, litigate Plaintiff's appeal of their dismissal. DW argues that the other defendants are likely to end up before this Court again, regardless of the resolution of the appeal, and that it is therefore more appropriate to stay the current case until the appellate litigation is resolved. Doc. 87 at 1. Plaintiff Kevin Gould responds that a stay would only lead to unnecessary delay. Doc. 92 at 1. Having reviewed the parties' submissions and the applicable law, the Court finds Defendant's Motion well-taken and therefore GRANTS it.

**BACKGROUND**

Plaintiff originally filed suit against Michael Wyse; Wyse Advisors, LLC ("Wyse Advisors"); DW Partners; and Crystal Financial. Doc. 1-1. The dispute surrounded his employment as Chief Operating Officer ("COO") of One Aviation, which Plaintiff alleges should have included a transaction bonus for $915,000 that he was never paid. Doc. 55 at 1, 7–8. After a

series of motions to dismiss, the Court granted dismissal with prejudice based on lack of personal jurisdiction against Michael Wyse and Wyse Advisors (Doc. 51) as well as against Crystal Financial, which referred to itself as Crystal LP in briefing (Doc. 53). As for DW, the Court retained jurisdiction and dismissed some of the claims against it for failure to state a claim. Doc. 54. DW is currently the only defendant in the lawsuit, defending against the claims which survived its motion to dismiss.

Plaintiff appealed the dismissals of the other defendants, and that case is currently underway at the Tenth Circuit. *See* Doc. 70 (notice of appeal). Little has happened on the present case in the interim; Plaintiff filed an amended complaint (Doc. 55) and DW has filed a motion to dismiss that complaint (Doc. 59), which is now fully briefed (Doc. 85 (notice of briefing complete)). Plaintiff argues that DW's reply during that briefing is untimely and therefore should not be considered, and the parties have briefed that issue as well. Docs. 90, 93, 96. The Court has not yet ruled on these motions.

## LEGAL STANDARD

The power to stay a case is an aspect of the court's inherent authority to manage its docket efficiently. *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014) (citation omitted). In the case of a stay pending appeal of interlocutory decisions by the district court, the motion for a stay should be filed first with the district court. *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996). The factors that guide the court in determining whether a stay is appropriate are

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The purpose of a stay is to preserve the status quo pending appellate determination." *McClendon*, 79 F.3d at 1020.

**ANALYSIS**

As a preliminary matter, the Court observes that the parties seek to use different factors to determine whether a stay is appropriate. DW cites to *Western Energy Alliance v. Jewell*, No. CV-16-0912, 2017 WL 3588648 (D.N.M. Mar. 1, 2017), which relies on the *Hilton* factors cited above. *Id.* at *1; Doc. 87-1 at 3. In contrast, Plaintiff relies on *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934, 2006 WL 894955 (D. Colo. Mar. 30, 2006) Doc. 92 at 3. The *String Cheese* factors determine whether a stay is appropriate by weighing "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." 2006 WL 894955 at *2.

*String Cheese* is an unpublished case from outside this district, and the cases citing to these factors within the District of New Mexico are generally also unpublished. *See, e.g., Roybal v. United States*, CIV No. 13-610, 2014 WL 12617288 (D.N.M. Apr. 9, 2014); *Ferlic v. Mesilla Valley Regional Dispatch Auth.*, Civ. Case No. 2:22-633, 2022 WL 17485830 (D.N.M. Dec. 7, 2022); *Silver v. City of Albuquerque*, CIV No. 22-400, 2022 WL 9348637 (D.N.M. Oct. 14, 2022). In fact, one unpublished case from the District of New Mexico even opines in passing that the *String Cheese* test is generally not applied in this district. *Levy v. Volkswagen Akti Engesellschaft*, 1:15-cv-01179, 2016 WL 8261798, at *2 (D.N.M. Feb. 22, 2016). Likely because of the dearth of published case law in this district applying the *String Cheese* test, Plaintiff cites only unpublished dispositions in his response brief. *See* Doc. 92 at 4.

Plaintiff argues that the *Hilton* factors are inapplicable here because those factors apply "only when the party seeking the stay is also subject to appeal." *Id.* at 6. However, Plaintiff cites no case law to support this contention. While Plaintiff may have noticed a trend, the Court sees no

3

evidence that the *Hilton* factors are inappropriate subjects of consideration in a case where the party seeking the stay is not the one arguing the appeal.

In sum, given the stronger precedential weight of the factors articulated in *Hilton*, a United States Supreme Court case, the Court will apply the *Hilton* factors rather than the *String Cheese* factors.

### I. Likelihood of Success on the Merits

The stay applicant satisfies the first element, likelihood of success on the merits, if it demonstrates that the appeal raises "questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." *McClendon*, 79 F.3d at 1020 (quotation omitted). Here, DW argues that regardless of the outcome of the appeal, the other defendants—Crystal LP, Michael Wyse, and Wyse Advisors—will likely return to the litigation at some point. Doc. 87-1 at 4. If the Tenth Circuit rejects this Court's dismissal for lack of personal jurisdiction, the dismissed defendants will return; if it accepts this Court's logic, Plaintiff can simply file suit in the proper jurisdiction for each of the dismissed defendants, then move to transfer and consolidate the matter to this Court. *Id.* Plaintiff does not argue this element despite DW raising the issue because he chose to employ the *String Cheese* factors, which do not include this inquiry.

The Court finds DW's logic persuasive. "Success" for Plaintiff on appeal would mean that the dismissed defendants returned to the lawsuit; the likelihood of this result is high because even if his appeal fails, Plaintiff may to be able to bring the dismissed defendants back into the case by other means. Therefore, the first factor weighs in favor of a stay.

### II. Irreparable Injury to Applicant Absent a Stay

4

Irreparable injury, a term that arises frequently in the context of preliminary injunctions, refers to harm that cannot "be compensated after the fact." *Trial Lawyers College v. Gerry Spence Trial Lawyers College at Thunderhead Ranch*, 23 F.4th 1262, 1271 (10th Cir. 2022) (quotation omitted). DW argues that it will face prejudice if a stay is not issued because it will likely be forced to relitigate many of the issues when the other defendants return to the case. Doc. 87-1 at 5. Plaintiff responds that DW will not face any prejudice if it continues to litigate the case without a stay; it may conduct discovery by subpoenaing the dismissed defendants even while the appellate litigation is ongoing, and it will not risk responsibility for a judgment that should belong to the dismissed defendants because joint and several liability is inapplicable in this case. Doc. 92 at 5.

The Court notes that both parties discuss prejudice here. Certainly, prejudice is an important aspect to consider when deciding whether a stay is appropriate, but the standard under the *Hilton* factors is not mere prejudice: it is irreparable injury. Irreparable injury includes damage to the environment that cannot be repaired, a party with a right to participate in proceedings not having the ability to participate, damage to a business's public goodwill or reputation, and other harms for which courts cannot fashion an effective remedy. *See Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1260–61 (10th Cir. 2003); *Western Energy Alliance*, 2017 WL 3588648 at *2; *Trial Lawyers College*, 23 F.4th at 1271. Needing to relitigate issues after additional defendants join or rejoin the case, while certainly inconvenient and prejudicial, does not constitute irreparable injury. Therefore, this factor weighs against the issuance of a stay.

### III.    Substantial Injury to Other Parties

"Substantial injury" is a broader term than "irreparable injury." Plaintiff argues that staying the matter until a separate appeal is resolved would be indefinite, a problematic fact when that the matter has been stayed before and Plaintiff has waited three years to conduct discovery. Doc. 92

at 4–5. Certainly, the Court recognizes that Plaintiff wishes to resolve this matter promptly and that the case has not always moved with the speed Plaintiff might desire. However, this stay will not necessarily injure Plaintiff, particularly because the stay is likely to prevent repetitive litigation and ultimately promote a more efficient resolution to the parties' dispute.

On a related note, Plaintiff argues that the claims against the other defendants are "wholly separate from" the claims against DW and therefore there is no reason to delay the dispute with DW. Doc. 92 at 1. The Court disagrees. Even Plaintiff's Amended Complaint (Doc. 55), which includes only the claims against DW that survived the motion to dismiss—and does not make any claims against the other defendants—frequently refers to the conduct of the other defendants alongside DW. Presumably, if the other defendants return to the litigation, Plaintiff would need to file a second amended complaint to include claims against them, having excised those claims from his Amended Complaint. Based on the narrative of events in the Amended Complaint, the alleged close involvement between the other defendants and DW—for example, negotiating together the transaction bonus Plaintiff currently claims he is owed—will mean the claims against the other defendants are not "wholly separate" from those against DW.

Therefore, this factor weighs in favor of a stay.

### IV. Public Interest

The final consideration under the *Hilton* test is the effect of a stay on public interest. Public interest favors judicial economy. *See Western Energy Alliance*, 2017 WL 3588648 at *3 ("The Court finds that the public interest here lies in seeing the issues in this case resolved as expediently as possible . . . . The delay at stake here is temporary and will ensure that the litigation of this case does not have to endure procedural switchbacks by re-litigating issues that were decided without all legitimate parties on board."). Although the delay from a stay may temporarily

slow down this case, the Court finds that efficient resolution of the issues is most likely once the parties to the litigation are solidified. Rushing to proceed now may ultimately lead to repetitive litigation if the dismissed defendants rejoin the case later on, a situation which will likely end up taking more time and judicial resources.

## CONCLUSION

For the above reasons, the Court finds that a stay is appropriate. The Court hereby STAYS this case until the appeal is resolved.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE