IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEVIN GOULD,

        **Plaintiff,**

v.                                          Civ. No. 19-382 WJ/JFR

DW PARTNERS,

        **Defendants.**

## ORDER SETTING CASE MANAGEMENT DEADLINES

**THIS MATTER** came before the Court on a conference held on December 21, 2023.

After conferring with counsel, the Court imposes the following case management deadlines:

| | | |
|---|---|---|
| a) | Plaintiff's Rule 26(a)(2) expert disclosure[1]: | March 20, 2024 |
| b) | Defendant's Rule 26(a)(2) expert disclosure[1]: | April 19, 2024 |
| | ***The parties shall have their experts ready to be deposed and provide available dates at the time they identify them and produce their reports.** | |
| c) | Termination date for discovery[2]: | July 18, 2024 |

---

[1] Parties must disclose the names of all expert witnesses, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date. The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b). In other words, experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date. *See* Fed. R. Civ. P. 26(a)(2). Summary disclosures are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *see Blodgett v. United States*, No. 2:06-CV-00565DAK, 2008 WL 1944011, at *5 (D. Utah, May 1, 2008) (unpublished) ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient."). The parties must have their retained expert(s) ready to be deposed at the time they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

[2] Discovery must be <u>completed</u> on or before this deadline.

|   |   |   |   |
|---|---|---|---|
| d) | Motions relating to discovery to be filed by:[3] | | August 7, 2024 |
| e) | Pretrial motions other than discovery motions (including motions which may require a *Daubert* hearing) filed by:[4] | | August 19, 2024 |

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express, written approval obtained for any modification of the case management deadlines set forth herein. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery.

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(v), "before moving for an order relating to discovery, the movant must request a conference with the court" to attempt to informally resolve the dispute.[5] Fed. R. Civ. P. 16(b)(3)(B)(v). Discovery motions may be summarily denied if a movant fails to conform to this requirement. If the parties engage in motion practice, the "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1. Further, the Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. *See* Fed. R. Civ. P. 37(a)(1) (explaining that any motion for an order compelling disclosure or discovery must include a certification that the movant has in good faith conferred

---

[3] This deadline should not be construed to extend the twenty-one day time limit in D.N.M.LR-Civ. 26.6.

[4] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The Court will set a motions in limine deadline in a separate order.

[5] The Court will permit the parties to extend the 21-day time limit for filing a motion to compel pursuant to Local Rule 26.6 by written stipulation filed with the Court, as long as the extension does not impact the court-ordered discovery motions deadline.

or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action). Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.

The parties must supplement their disclosures or discovery responses pursuant to Fed. R. Civ. P. 26(e)(1) within fourteen (14) days of learning any disclosure or response is incomplete or incorrect. After the close of discovery, parties must supplement their disclosures or discovery responses as soon as possible, but no later than seven (7) days after learning of the need to supplement.

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**